IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN MICHAEL CUMMINS,
    Petitioner,

v.                                                          Civil Action No. 3:21cv555

ALISON LAND & JASON WILSON,
    Respondents.

## MEMORANDUM OPINION

The petitioner, a Virginia detainee proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 7). Respondent Alison Land moves to dismiss on the ground that the petitioner failed to exhaust his state court remedies. The petitioner has responded. For the reasons set forth below, the action will be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

## I. PERTINENT PROCEDURAL HISTORY

On September 18, 2017, the Circuit Court for the County of Stafford ("Circuit Court") entered final judgment against the petitioner, finding him to be a sexually violent predator pursuant to the Sexually Violent Predators Act, Va. Code Ann. § 37.2–900, *et seq.* (West 2017), and committed the petitioner to the custody of the Commissioner of the Virginia Department of Behavioral Health and Developmental Services ("DBHDS"). (ECF No. 18–7.) The petitioner did not appeal.

On April 19, 2021, the Circuit Court conducted the annual review of the petitioner's civil commitment. (ECF No. 18–1, at 1.) The Circuit Court concluded that the petitioner did "not meet all four statutory criteria for conditional release" and "remain[ed] a sexually violent predator" and ordered his recommitment. (*Id.*) The Circuit Court entered its order on June 9, 2021. (*Id.* at 2.)

On September 22, 2021, the Court received the petitioner's § 2254 Petition, which challenges the Circuit Court's April 19, 2021 recommitment decision. (ECF No. 7, at 1.) The petitioner contends, *inter alia*, that he was improperly recommitted and that his attorney failed to appeal the decision to recommit him. (*Id.* at 25–27.) The petitioner has not appealed the recommitment decision or filed a state petition for a writ of habeas corpus with respect to the recommitment decision.

## II. ANALYSIS

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This rule applies to individuals civilly committed as sexually violent predators. *See Huff v. Virginia*, No. 3:07cv691, 2008 WL 2674030, at *2 (E.D. Va. July 7, 2008) "As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston,* 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by

2

any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

The petitioner has not presented any of his claims to the Supreme Court of Virginia. If the petitioner acts promptly, he may present his claims to the Supreme Court of Virginia by filing a petition for a writ of habeas corpus in state court. Va. Code Ann. § 8.01–654(A)(2) (West 2022) ("A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues."). Petitioner fails to demonstrate any circumstance that excuses his lack of exhaustion.

### III. CONCLUSION

The Motion to Dismiss, (ECF No. 16), will be GRANTED. The action will be DISMISSED WITHOUT PREJUDICE to the petitioner's refiling after he exhausts his state remedies. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

Date: 31 March 2022  
Richmond, Virginia

/s/  
John A. Gibney, Jr.  
Senior United States District Judge